IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **HOOD RIVER COUNTY SCHOOL DISTRICT**,<br><br>        Plaintiff-Appellant,<br><br>        v.<br><br>**STUDENT**,<br><br>        Defendant-Appellee. | Case No. 3:20-cv-1690-SI<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

      This case involves an appeal by Hood River County School District (District) from the decision of an Administrative Law Judge (ALJ) of the Oregon Department of Education Office of Hearings. The ALJ found that the District violated the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400, *et seq.*, and related state statutes and administrative rules. The ALJ further found that these violations resulted in the District failing to provide Student with a Free Appropriate Public Education. On July 1, 2021, this Court affirmed nearly every aspect of the ALJ's opinion. On August 4, 2021, Student filed a new civil case before this Court asserting, among other claims, a claim for attorney's fees for prevailing in this case, namely the District's appeal of the ALJ's decision. *Student v. Hood River Cnty. Sch. Dist.*, Case No. 3:21-cv-1145-SI. Student, however, did not file a motion for attorney's fees in this case, which would have been

permitted under Rule 54(d)(2) of the Federal Rules of Civil Procedure. Instead, Student relied solely on the request for fees in the new case, Case No. 3:21-cv-1145-SI.

After the Court raised the issue of Rule 54(d)(2), Student filed in this case a motion for extension of time to request attorney's fees and a motion for attorney's fees. On February 14, 2022, the Court granted Student's motion for extension of time, accepting Student's motion for attorney's fees as timely. The District appealed that decision to the Ninth Circuit. The District responded to Student's motion for attorney's fees, but also filed a motion to stay with this Court, requesting that the Court stay consideration of the merits of Student's attorney's fees motion until after the Ninth Circuit decides the appeal of the Court's Order granting Student's motion for extension of time.

Additionally, Student filed a motion to strike two settlement proposals that the District filed as exhibits with its response to Student's motion for attorney's fees, and associated references to the settlement proposals in the District's response briefs. For the reasons discussed below, the Court grants in part the District's motion to stay. The Court declines to stay consideration of the merits of Student's motion for attorney's fees and resolves the motion on the merits and with a supplemental judgment. The Court grants in part Student's motion for attorney's fees. The Court, however, stays the supplemental judgment on fees until after the Ninth Circuit resolves the District's pending appeal or otherwise determines the timeliness of Student's motion for attorney's fees. The Court also denies Student's motion to strike.

## STANDARDS

**A. Motion to Stay on Appeal**

The Ninth Circuit has described the standards to obtain a stay pending appeal:

> A stay is not a matter of right. It is instead an exercise of judicial discretion that is dependent upon the circumstances of the particular case. Judicial discretion in exercising a stay is to be

> guided by the following legal principles, as distilled into a four factor analysis in *Nken* [*v. Holder*, 556 U.S. 418 (2009)]:
> "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of this Court's discretion.

*Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (simplified). "The first two *Nken* factors 'are the most critical.'" *Id.* at 1204 (quoting *Nken*, 556 U.S. at 434).

**B. Motion to Strike**

Student requests that the Court strike documents filed as exhibits in support of the District's response to Student's motion for attorney's fees, and references to the settlement proposals within the District's brief in opposition to Student's motion for attorney's fees. Student bases its motion on Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f), however, applies only to pleadings, and the District's response to the motion for attorney's fees and attached exhibits are not pleadings. *See* Fed. R. Civ. P. 7(a). Thus, Rule 12(f) does not apply.

District courts, however, "have inherent power to control their docket." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998)). This inherent power includes "striking documents from the docket to address litigation conduct." *Id.* Indeed, as the Ninth Circuit concluded in *Ready Transportation*, the Court's inherent power to control its docket specifically applies in considering whether to strike confidential settlement proposals submitted in relation to fee motions. *Id.* at 405 ("In light of the powers district courts possess to craft an appropriate sanction for litigation conduct and, as well, to determine what appears in the court's

PAGE 3 – OPINION AND ORDER

records, we therefore hold that the District Court erred when it concluded it was powerless to strike the confidential settlement agreement from the public docket.").

**C. Attorney's Fees**

In a civil lawsuit under the IDEA, a court may award attorney's fees to a prevailing parent of a child with a disability, or to a prevailing school district or State agency under certain narrow circumstances. *See* 20 U.S.C. § 1415(i)(3)(B). A district court's disposition of a motion for attorney's fees must "provide a reasonably specific explanation for all aspects of a fee determination" in order to allow for "adequate appellate review." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010). The preferred method of calculating reasonable attorney's fees is the "lodestar" method. *Id.* at 551-52. This is because "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case," is "readily administrable," and is "objective." *Id.* (emphasis in original). Additionally, one purpose of federal fee-shifting statutes is to ensure that a prevailing plaintiff's counsel receive a fee that is "sufficient to induce a capable attorney to undertake the representation of a meritorious . . . case." *Id.* at 552. The lodestar method of calculating attorney's fees "yields a fee that is presumptively sufficient to achieve this objective." *Id.* Although the lodestar calculation results in a presumptively reasonable fee, this fee may be adjusted in certain circumstances. *Id.*; *see also* 20 U.S.C. § 1415(i)(3)(F) (describing factors on which a court should base a reduction in attorney's fees under the IDEA).

The lodestar amount is the product of the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate. *McCown v. City of Fontana*, 565 F.3d 1097,

1102 (9th Cir. 2009).[1] In making this calculation, the district court should take into consideration various factors of reasonableness, including the quality of an attorney's performance, the results obtained, the novelty and complexity of a case, and the special skill and experience of counsel. *See Perdue*, 559 U.S. at 553-54; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 n.11 (9th Cir. 2013).

In determining the number of hours reasonably spent, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown*, 565 F.3d at 1102 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)); *see also* 20 U.S.C. § 1415(i)(3)(F)(iii) (providing that under the IDEA a court should reduce fees by "the time spent and legal services furnished were excessive considering the nature of the action or proceeding"). The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez*, 729 F.3d at 1202.

The district court may determine, in one of two ways, whether hours are excessive, redundant, or otherwise unnecessary, and thus excludable. The court may conduct an hour-by-hour analysis of the fee request. *Id*. at 1203. Alternatively, "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Id*. (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992)). "[W]hen a district court decides that a percentage cut (to either the lodestar or the number of hours) is warranted, it must 'set forth a concise but clear explanation of its reasons for choosing a given percentage reduction.'" *Id.* (quoting *Gates*, 987 F.2d at 1400). The Ninth Circuit recognizes one exception to this rule:

---

[1] It is "well established that time spent in preparing fee applications" also is compensable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013) (quoting *Anderson v. Director, OWCP*, 91 F.3d 1322, 1325 (9th Cir. 1996)).

"[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'— based on its exercise of discretion and without a more specific explanation." *Id.* (alteration in original) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

In addition, other courts, including the District of Oregon, specifically caution against both block-billing and providing vague or otherwise inadequate descriptions of tasks because these practices hinder a court's ability to assess the reasonableness of the time expended. *See, e.g.*, U.S. District Court, District of Oregon, Message from the Court Regarding Attorney Fee Petitions, *available at* https://ord.uscourts.gov/index.php/rules-orders-and-notices/notices/fee-petitions (last updated Mar. 2, 2017). This Court has applied this cautionary statement, noting that "the court may excuse this method when the billing period is no more than three hours." *Updike v. Multnomah County*, 2020 WL 4736461, at *2 (D. Or. Aug. 14, 2020) (quoting *Noel v. Hall*, 2013 WL 5376542, at *6 (D. Or. Sept. 24, 2013)); *cf. Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 892 (9th Cir. 2011). For block-billing periods in excess of three hours, however, the Court has reduced each applicable entry by fifty percent. *See, e.g.*, *Fathers & Daughters Nevada, LLC v. Lingfu Zhang*, 2018 WL 3023089, at *5 (D. Or. June 18, 2018).

After determining the number of hours reasonably spent, the district court then calculates the reasonable hourly rates for the attorneys and paralegals whose work comprise the reasonable number of hours. This calculation yields the lodestar amount. For this purpose, the "'prevailing market rates in the relevant community' set the reasonable hourly rates." *Gonzalez*, 729 F.3d at 1205 (quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Id.* (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)). Within this geographic community, the district court should consider the experience, skill, and reputation of the attorneys or paralegals involved. *Id.* at 1206.

In determining reasonable hourly rates, typically "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). In addition, courts in the District of Oregon have the benefit of several billing rate surveys. One useful survey is the Oregon State Bar 2017 Economic Survey (OSB 2017 Survey), which contains data on attorney billing rates based on type of practice, geographic area of practice, and years of practice. A copy of the OSB 2017 Survey is available at http://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf (last visited on April 7, 2022).

There is a strong presumption that the fee arrived at through the lodestar calculation is a reasonable fee. *Perdue*, 559 U.S. at 552. A district court may, however, adjust the lodestar amount in "rare" and "exceptional" cases, such as when a particular factor bearing on the reasonableness of the attorney's fee is not adequately taken into account in the lodestar calculation.[2] *See Perdue*, 559 U.S. at 552-54 (finding that, in certain circumstances, the superior performance of counsel may not be adequately accounted for in the lodestar calculation); *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) (finding that although

---

[2] Factors that may be relevant to the reasonableness of a fee include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation, and the ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Based on subsequent case law, a twelfth factor identified in *Kerr*, the fixed or contingent nature of the fee, is no longer a valid factor to consider in determining reasonable attorney's fees. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 n.7 (9th Cir. 2011).

in ordinary cases the "results obtained" factor is deemed adequately accounted for in the lodestar calculation, it may serve as a basis to adjust the lodestar when "an attorney's *reasonable* expenditure of time on a case [is not] commensurate with the fees to which he [or she] is entitled").

## DISCUSSION

In addition to moving to stay consideration of attorney's fees, the District challenges Student's requested fees on the merits. The District argues that Student is not the prevailing party, does not deserve fees under factors set forth in the IDEA, requests unreasonable hourly rates, and requests fees for hours that are unreasonable. The District also argues that Student fails properly to describe the hours worked, offering only vague descriptions. Student responds that all hours are reasonable, the work is sufficiently described, and the hourly rates are reasonable. Student also moves to strike documents and assertions raised by the District relating to the parties' settlement negotiations. The Court addresses the two ancillary motions before addressing Student's motion for fees.

**A. Motion to Stay**

In considering the factors for a stay on appeal, the Court finds that the District fails to meet its burden to show that it has a strong likelihood of success on its appeal of the Court's order granting an extension of time under Rule 6 of the Federal Rules Civil Procedure. The Court requested that the parties address in this factor whether an order granting an extension of time is a final, appealable order. *See, e.g.*, *United States v. Green*, 656 F. App'x 856, 857 (9th Cir. 2016) (stating that a denial of a motion to extend time is not a final, appealable order or a collateral order and concluding that the Ninth Circuit does not have jurisdiction to hear the appeal); *Nascimento v. Dummer*, 508 F.3d 905, 909 n.3 (9th Cir. 2007) (stating that "the denial of a motion to extend discovery is generally not appealable"); *see also Boles v. Colo. Dep't of*

in ordinary cases the "results obtained" factor is deemed adequately accounted for in the lodestar calculation, it may serve as a basis to adjust the lodestar when "an attorney's *reasonable* expenditure of time on a case [is not] commensurate with the fees to which he [or she] is entitled").

## DISCUSSION

In addition to moving to stay consideration of attorney's fees, the District challenges Student's requested fees on the merits. The District argues that Student is not the prevailing party, does not deserve fees under factors set forth in the IDEA, requests unreasonable hourly rates, and requests fees for hours that are unreasonable. The District also argues that Student fails properly to describe the hours worked, offering only vague descriptions. Student responds that all hours are reasonable, the work is sufficiently described, and the hourly rates are reasonable. Student also moves to strike documents and assertions raised by the District relating to the parties' settlement negotiations. The Court addresses the two ancillary motions before addressing Student's motion for fees.

**A. Motion to Stay**

In considering the factors for a stay on appeal, the Court finds that the District fails to meet its burden to show that it has a strong likelihood of success on its appeal of the Court's order granting an extension of time under Rule 6 of the Federal Rules Civil Procedure. The Court requested that the parties address in this factor whether an order granting an extension of time is a final, appealable order. *See, e.g.*, *United States v. Green*, 656 F. App'x 856, 857 (9th Cir. 2016) (stating that a denial of a motion to extend time is not a final, appealable order or a collateral order and concluding that the Ninth Circuit does not have jurisdiction to hear the appeal); *Nascimento v. Dummer*, 508 F.3d 905, 909 n.3 (9th Cir. 2007) (stating that "the denial of a motion to extend discovery is generally not appealable"); *see also Boles v. Colo. Dep't of*

*Corrs.*, 2021 WL 6206655, at * 1 (10th Cir. 2021) (stating that orders granting an extension of time are not appealable); *United States v. Crayton*, 689 F. App'x 357, 358 (4th Cir. 2017) (stating that an order granting an extension of time is not appealable, does not fall within an exception, and is not appropriate for interlocutory appeal).

The District responded vaguely that although generally orders on appeal must be final orders, there are exceptions, such as interlocutory appeals of preliminary injunctions under 28 U.S.C. § 1292(a), and other interlocutory and collateral orders. The District, however, fails to demonstrate how the Court's Order granting an extension of time meets any applicable exception.

Further, the District fails to show how it will be irreparably harmed if the Court considers the attorney's fees motion on the merits. The parties already have briefed the motion. Indeed, resolving the motion on the merits allows the parties to raise the timeliness issue on appeal with the Ninth Circuit after a judgment on the merits, thereby avoiding any potential appellate jurisdictional issues. The District claims it will be harmed if it has to pay attorney's fees and then the Ninth Circuit determines that Student's motion for fees was untimely. That harm, however, arises not from the Court considering the motion on the merits, but from whether Student can collect on any supplemental judgment before the Ninth Circuit determines an appeal on the timeliness of Student's motion for attorney's fees.

The Court does not find that the District is likely to succeed on the appeal of the Court's Order granting an extension of time because it is not a final, appealable order. After the Court rules on the merits of Student's motion, however, legal minds might disagree on whether the Court should have granted the motion for an extension of time. Further, although money generally is not irreparable harm, there may be harm if the District pays attorney's fees and then Student has to repay the fees if the Ninth Circuit finds that Student's motion for fees was

PAGE 9 – OPINION AND ORDER

untimely. The only harm to Student in waiting until the Ninth Circuit resolves a final appeal on attorney's fees after the Court's decision on the merits is some delay. Thus, considering the relevant factors, the Court finds it appropriate to consider the pending attorney's fees motion on the merits, enter the supplemental judgment on fees, and stay the judgment until after the Ninth Circuit resolves the pending appeal or otherwise determines the timeliness of Student's fee motion (*e.g.*, through a new appeal of this Opinion and Order and the Supplemental Judgment).

**B.  Motion to Strike**

Student moves to strike the confidential settlement proposals and references to and descriptions of the settlement offers contained in the District's brief. Student argues that Rule 408 of the Federal Rules of Evidence precludes admission of confidential settlement proposals and negotiations. Student misunderstands Rule 408. Rule 408 precludes the use of confidential settlement negotiations "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a).

Under federal law, a court may consider settlement negotiations for the purpose of deciding a reasonable attorney fee award. *See Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011) (per curiam) (holding that a court may "consider[ ] settlement negotiations for the purpose of deciding a reasonable attorney fee award"); *see also A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 460-61 (9th Cir. 2013) (noting that under 42 U.S.C. § 1988(b), the reasonableness of an attorney fee is determined primarily by reference to the level of success achieved by the plaintiff and that "Federal Rule of Evidence 408 does not bar district courts in the Ninth Circuit from considering amounts discussed in settlement negotiations as evidence of the extent of the plaintiff's success"); *In re Kekauoha-Alisa*, 674 F.3d 1083, 1093-94 (9th Cir. 2012) (explaining that after *Ingram*, "it is now clear" that evidence of settlement offers may be considered by a

PAGE 10 – OPINION AND ORDER

court in calculating reasonable attorney fees). Indeed, the IDEA expressly includes consideration of settlement proposals, by carving out an exception for the award of fees after a timely settlement offer to parents who decline the settlement offer and obtain a lesser award in litigation and by allowing for a reduction in fees if a parent or attorney unreasonably protracts the litigation, which may well include considering conduct during settlement. *See* 28 U.S.C. § 1415(i)(3)(D), (i)(3)(F)(i); *see also A.P. v. Pasadena Unified Sch. Dist.*, No., 2021 WL 5249658, at *9 (C.D. Cal. Aug. 24, 2021) ("The Court agrees with the District that consideration of settlement evidence is proper here. Indeed, the statute inherently contemplates that courts will rely on such settlement communications, which bear directly on whether a parent did, in fact, unreasonably protract the litigation."). Accordingly, the Court denies Plaintiff's motion to strike.

### C. Attorney's Fees

#### 1. Prevailing Party

The District first argues that Student is not yet the prevailing party because the District has appealed the Court's Opinion and Order affirming the ALJ and the Ninth Circuit could reverse the Court and rule in favor of the District. This argument is rejected. Student is the prevailing party before this Court. Under the District's argument, no case that is appealed would ever have a prevailing party until after the appeal was resolved. That is not how attorney's fees and the prevailing party in a district court works. When an appeal on the merits is filed and a motion for attorney's fees is filed, a district court may consider the prevailing party before it and "may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed R. Civ. P. 54 advisory committee's note to 1993 amendment; *see also WildEarth Guardians v. US Forest Serv.*, 2021 WL 6274447, at *2 (E.D. Wash. Dec. 21, 2021)

("Although, when an appeal on the merits is filed, the district court still may rule on a claim for attorneys' fees to the prevailing party before the appeal is resolved.").

The District next argues that Student is not the prevailing party because the ALJ awarded Student several items and the Court affirmed all but one item, the requirement that the District conduct a functional behavior assessment. Thus, the District argues, Student's position was not materially altered in Student's favor from the litigation before this Court, but actually was altered to Student's detriment from the results after the administrative hearing. The District again views this factor from the incorrect lens.

A party prevails "when actual relief on the merits of his claims materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the [party]." *Farra v. Hobby*, 506 U.S. 103, 111-12 (1992) (applying this standard in a case under 42 U.S.C. § 1983). This standard applies to cases under the IDEA. *See T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 483 (9th Cir. 2015). At the end of the case before this Court, the actual relief on Student's claims against the District continued to modify the District's behavior in a way that directly benefitted Student. The barometer is not comparing the relief awarded before appeal to the relief awarded after appeal to see if the relief increased in a manner benefitting Student. The barometer is evaluating the claims in the lawsuit and determining who is the prevailing party on those *claims*. Student clearly is the prevailing party—both before the ALJ and before this Court.

### 2. IDEA Exceptions

The District argues that the fees requested by Student should be reduced or denied based on exceptions contained in the IDEA. The District first relies on the provision that allows fees to be capped after a sufficient settlement offer is made. *See* 20 U.S.C. § 1415(i)(3)(D). That provision, however, requires that the final outcome obtained at litigation be not more favorable

than the settlement offer. *Id.* § 1415(i)(3)(D)(i)(III). The award by the ALJ was more favorable than the District's settlement offer. For example, the ALJ awarded 900 hours of compensatory education, whereas the District offered only 301 hours of compensatory education in its settlement offer. Thus, § 1415(i)(3)(D) does not apply.

The District next argues that Student is not entitled to fees because Student's parents or attorneys unreasonably protracted final resolution of the dispute, citing 20 U.S.C. § 1415(i)(3)(F)(i),[3] *Johnson v. Bismarck Public School District*, 949 F.2d 1000 (8th Cir. 1991), and *T.B., M.S., & S.G.W. v. Eugene School District*, 2016 WL 3951385 (D. Or. June 21, 2016). The District argues that the refusal to accept the District's offer of settlement when the only material difference between the District's offer and Student's counteroffer was a few thousand dollars in reimbursement to parents and the amount of attorney's fees was unreasonable. The District contends that essentially the entire litigation was thus only about attorney's fees.

The District's settlement offer included $5,000 for attorney's fees. Student's counteroffer included $30,000 for attorney's fees, as well as some additional funds to compensate the parents for educational costs. The District does not contend that it responded to Student's counteroffer with any further settlement negotiations. It appears that after Student made the counteroffer, the District did not respond and negotiations ended.

Unlike the parents in *Johnson* and *T.B.*, the parents in this case engaged in negotiations and timely and actively worked with the District before filing the due process complaint and during the administrative proceedings. The Court does not find that simply because attorney's fees were a point of negotiation that the parents acted unreasonably.

---

[3] This provision of the IDEA establishes that a court may reduce fees if "the parent, or the parent's attorney, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy."

PAGE 13 – OPINION AND ORDER

### 3. Hourly Rate

Student requests an hourly rate starting at $285 and moving to $325 on January 1, 2021 for Diane Wiscarson and starting at $200 and moving to $250 on January 1, 2021 for Taylar Lewis. The District argues that the hourly rate requested for Ms. Wiscarson is too high and the hourly rate requested for Ms. Lewis, although "more in line" with community rates is ultimately too high because both Ms. Wicarson and Ms. Lewis had "duplicative" time entries. The Court rejects this latter argument—many time entries were not charged for the same subject matter, and for other entries such as court hearings, the Court does not reduce time for two attorneys attending. More than two attorneys may result in inefficiencies under certain circumstances, but two attorneys in this type of litigation is acceptable.

Regarding the respective hourly rates for Ms. Wiscarson and Ms. Lewis, counsel for Student did not submit declarations by Ms. Wiscarson or Ms. Lewis describing their years of experience and areas of legal expertise, or otherwise justify their requested hourly rates. This risks a reduction in the hourly rate because the opposing party and the Court cannot make an informed decision about an appropriate hourly rate without information regarding the requesting attorney's experience. In their reply, counsel for Student asserts that Ms. Wiscarson has more than 20 years' experience. Counsel does not describe Ms. Lewis' level of experience, but because the District's only challenge to her hourly rate was that it was high based on duplicative entries, the Court considers only whether Ms. Wiscarson's requested hourly rate is unreasonable.

The OSB 2017 Survey reflects that in Portland, for attorneys in private practice with 21-30 years' experience, $325 per hour is the 25th percentile of billable rates. The mean rate is $394 and the median rate $415. For a practice focusing on administrative law, $315 is the 75th percentile, $298 is the mean rate, and $300 is the median rate. Student argues that Ms. Wiscarson's requested rate of $285 moving up to $325 in 2021 is reasonable considering her

PAGE 14 – OPINION AND ORDER

experience, expertise, and inflation when looking at the OSB 2017 Survey numbers. The Court accepts the statements in Student's reply regarding Ms. Wiscarson's experience and expertise this time,[4] but reminds counsel that briefs are not evidence and in the future counsel must submit evidence regarding counsel's experience and expertise with the opening brief. The Court finds that the requested hourly rate for Ms. Wiscarson is reasonable.

### 4. Number of Hours Reasonably Spent

The District argues that the hours submitted by Student are not reasonable. The District objects to several categories of time, as follows: (a) the submissions that have descriptions like "conference with [name]" as too vague; (b) the motion to dismiss withdrawn by Student; (c) time spent litigating issues resulting from Student's attorneys' mistake in failing to file the fee motion in this case; (d) the time entries for "CC," who was not identified by Student's attorneys in their motion; and (e) redacted time entries.

#### a. Time Descriptions

The Court rejects the District's broad argument that the time descriptions are too vague and thus all are not compensable. The Court does not always need more detailed descriptions of the discussions between attorneys, or between attorneys and their client. The Court notes, however, that without descriptions the Court is unable to ascertain whether emails, conferences, and the like relate to the topics that the Court has determined are not compensable, such as the withdrawn motion to dismiss and the motions required due to counsel's Rule 54(b) attorney's fees mistake. Thus, the Court allocates fifty percent of the time entries not sufficiently described

---

[4] The District was not prejudiced by the late disclosure of this information because it apparently was aware of Ms. Wiscarson's level of experience. The District argued that despite this experience and the correlating rates in the OSB 2017 Survey, Ms. Wiscarson should receive a lower hourly rate.

during the time frame of the relevant motion to dismiss as being related to the motion to dismiss and not compensable.[5] This results in a reduction of 1.3 hours at $285 per hour and 1.8 hours at $200 per hour, for a total reduction of $883.50.

### b. Unsuccessful or Unnecessary Attorney Time

"[P]laintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit." *Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1052 (9th Cir. 1991). The Court agrees that time spent on the withdrawn motion to dismiss and time spent on the litigation caused by counsel's mistake are not compensable. They did not contribute to the ultimate victory in the lawsuit. Accordingly, the Court reduces Student's requested time in this lawsuit by 0.8 hours at $285 per hour, 0.3 hours at $325 per hour, 3.4 hours at $200 per hour, and 2.2 hours at $250 per hour, for a total reduction of $1,230.

### c. Law Clerk Time

The time submissions submitted by Student include time for someone identified only with the initials "CC." Before January 1, 2021, the time charged for CC is at $125 per hour and after January 2021 the time is charged at $170 per hour. Student's attorneys did not identify "CC" in their moving papers or explain the requested hourly rate. They identified the two attorneys and requested the hourly rates for those attorneys, with the increased hourly rate beginning in January 2021. After the District challenged the time requested for "CC" in its opposition to the motion for attorney's fees, Student identified CC as a law student and suggested that the hourly rates requested for CC are reasonable.

---

[5] There are no such time entries with an associated chart at the time of the Rule 54(b) mistake.

PAGE 16 – OPINION AND ORDER

Student has waived the right to request time for law student CC by failing to identify CC in the moving papers and request law student time in the moving papers. This failure was prejudicial because the District was not given the opportunity to object to law student time or to object to the hourly rate for a law student, particularly the increased hourly rate of $170 per hour, because Student failed to provide the necessary information until the reply. The Court need not accept new evidence or argument in a reply. *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (noting that "arguments raised for the first time in a reply brief are waived"); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). The Court thus reduces Student's requested fees in this lawsuit by 2.3 hours at $125 per hour and 11.6 hours at $170 per hour, for a total reduction of $2,363.

### d. Redacted Time Entries

The District objects that Student should not be able to recover for time entries that included redactions. Student explains that the redactions are for persons' names who are not parties to this lawsuit, including the names of staff at Student's new school. The Court rejects the District's argument. Specific names are not necessary for the Court to evaluate the fee petition.

### e. Conclusion

Student requests $47,589.15 for attorney's fees, expenses, and costs. Student did not separately summarize costs and expenses from attorney's fees. Based on the detailed itemized list in the 106-page exhibit, it appears that Student is requesting $279.55 in costs and expenses and the remaining $47,309.60 in attorney's fees. The District does not object to the costs and expenses. After considering the District's objections, the Court agreed to reductions based on the hours reasonably spent in the total amount of $4,476.50 ($883.50+$1,230+$2,363). This results in attorney's fees based on the lodestar in the amount of $42,833.10.

PAGE 17 – OPINION AND ORDER

**5.  Whether to Adjust the Lodestar**

Having determined the lodestar, the Court considers the *Kerr* factors to determine whether to adjust the lodestar upward or downward. *See Gera v. Paramount Unified Sch. Dist.*, 117 F.3d 1425 (9th Cir. 1997) (unpub. table decision) (noting that fee petitions under the IDEA are evaluated the same as fee petitions under other civil rights laws and that the *Kerr* factors apply). "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). Although a court may rely on any of these factors to increase or decrease the lodestar figure, there is a "'strong presumption' that the lodestar is the reasonable fee." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

Student did not present any argument based on the *Kerr* factors for whether the lodestar should be adjusted or whether it is a fair calculation of attorney's fees. Indeed, Student presented no argument whatsoever in the motion for attorney's fees and no evidence other than the time entries. Student offered limited argument in the reply in response to specific objections, no evidence, and no argument based on the *Kerr* factors. Student "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437.

The Court does not find that the *Kerr* factors support a major departure from the lodestar. Even after adjusting for the unreasonable time entries above, however, the Court has concerns that the fees under the lodestar are excessive. Thus, the Court exercises its discretion and applies the ten percent "haircut" allowed by the Ninth Circuit. *Gonzalez*, 729 F.3d at 1203. This reduces the fees from $42,833.10 to $38,549.79.

## CONCLUSION

The Court GRANTS IN PART Student's motion for costs and attorney's fees. ECF 56. The Court awards costs and expenses in the amount of $279.55 and attorney's fees in the amount of $38,549.79. The Court DENIES Student's motion to strike. ECF 68. The Court GRANTS IN PART the District's motion to stay. ECF 65. The Court will enter the supplemental judgment on attorney's fees but stays enforcement of this Opinion and Order and the supplemental judgment until after the Ninth Circuit rules on the District's pending appeal relating to the extension of time or otherwise rules on the merits of the timeliness of Student's fee petition.

**IT IS SO ORDERED**.

DATED this 19th day of April, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge